**UNITED STATES of America, Plaintiff,**

**v.**

**0.37 ACRES OF LAND, MORE OR LESS, situated IN the COUNTY OF FLATHEAD, STATE OF MONTANA, et al., Defendants.**

**No. CV 75–109–M.**

United States District Court,
D. Montana,
Missoula Division.

June 2, 1976.

---

Keith L. Burrowes, Asst. U. S. Atty., Billings, Mont., for plaintiff.

Dale L. McGarvey, McGarvey, Moore & Lence, Kalispell, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

I have reconsidered my order of March 22, 1976, and now conclude, contrary to the holding in that order, that there is statutory authority to condemn private lands in Glacier National Park.

The general condemnation statute (40 U.S.C. § 257) does not authorize the condemnation unless the power to acquire the land is found elsewhere. *United States v. Kennedy,* 278 F.2d 121 (9th Cir. 1960).

The Land and Water Conservation Fund Act of 1965, 16 U.S.C. §§ 460*l*–4–460*l*–11 creates a fund out of which lands within the exterior boundaries of the national parks may be acquired, and 16 U.S.C. § 460*l*–9(a) specifically provides that moneys may be allotted by the President for the purpose of acquiring such lands in the national parks. Section 460*l*–9(b) contains this limiting language:

> Appropriations from the fund pursuant to this section shall not be used for acquisition unless such acquisition is otherwise authorized by law.

The Department of the Interior and Related Agencies Appropriations Act of 1975 (88 Stat. 803) appropriates to the Land and Water Conservation Fund in this language:

### LAND AND WATER CONSERVATION FUND

> For . . . acquisition of land or waters, or interest therein, in accordance with the statutory authority applicable to the State or Federal agency concerned, to be derived from the Land and Water Conservation Fund, established by section 2 of said Act as amended, to remain available until expended, not to exceed $300,000,000, of which . . . (2) not to exceed $72,700,000 shall be available to the National Park Service . . ..

In *United States v. Kennedy, supra,* it was held that an appropriation for acquisition of land in the national parks was sufficient to constitute the authority required to acquire land and make the general condemnation statute available. The Appropriation Act of 1951 there under consideration, which appropriated funds for the National Park Service, without specific reference to Mount McKinley National Park, was held to authorize the acquisition of lands in Mount McKinley National Park. It appears to me that the decision in *United States v. Kennedy, supra,* should control here unless the limiting language of 16

U.S.C. § 460*l*–9(b) requires that Glacier National Park be specifically mentioned in the appropriation before the authority to acquire may be found. It now appears to me that this language does no more than state that a congressional intent to acquire must be found before Land and Water Conservation Act funds may be spent for acquisition.

█ It seems quite clear that Congress has long favored the acquisition of private lands within the boundaries of the national parks. This is reflected not only by the continued appropriations for acquisition of such inholdings, but likewise by legislative history of the laws relating to them. For example, see H.R.Rep. No. 900, 88th Cong., 1st Sess. (1963); S.Rep. No. 1364, 88th Cong., 2d Sess. (1964), U.S.Code Cong. & Admin.News 1964, p. 3633. Additional research indicates that Congress has believed that the blanket appropriations to the National Park Service do authorize specific acquisition. Since the enactment of the Land and Water Conservation Fund Act of 1965, Congress has had requests for money for specific national parks and has known that funds were expended for specific national parks but has notwithstanding uniformly appropriated money into the Land and Water Conservation Fund without designating specific parks. More specifically, in the Senate hearings before the Committee on Appropriations (Hearings on H.R. 17354, Department of the Interior and Related Agencies Appropriations, 90th Cong., 2d Sess. (1968)), the following appeared:

In 1954, the 543-acre McFarland Ranch in Glacier National Park was appraised at $60,000, but when we filed condemnation proceedings last year, the appraised value had risen to $181,750  .  .  ..

The McFarland ranch was acquired by condemnation. *See United States v. 542.51 Acres of Land*, Missoula Div. No. 1546 (D.Mont., filed Aug. 18, 1970). There was no more specific authorization for it than the authorization appearing in the 1975 Appropriations Act under consideration here. In the same hearings the following appears:

AMOUNTS APPROPRIATED FROM THE LAND AND WATER CONSERVATION FUND FROM ITS INCEPTION TO THE PRESENT FOR AREAS AUTHORIZED PRIOR TO 1960, AS ADJUSTED AS OF DEC. 31, 1967
(In thousands)

| Management unit | Appropriated | Obligated through Dec. 31, 1967 | Balance | Future program requirements |
|---|---|---|---|---|
| | * * | * | | |
| Glacier NP | 694 | 610 | 84 | 4,042 |
| | * * | * | | |

Clearly Congress knew that out of these nonspecific appropriations some inholdings had been acquired and that it was contemplated that additional inholdings would be acquired in the future. Since 1969 Congress has been satisfied to exercise control over federal spending for inholding acquisition under a system wherein the Park Service notifies the Appropriations Committee and the House and Senate Committees on Interior and Insular Affairs (S.Rep. No. 1597, 90th Cong., 2d Sess. (1968)) of the intent to acquire and receives approval prior to the obligation of funds (H.R.Rep. No. 1395, 90th Cong., 2d Sess. (1968)). In short, Congress is aware and has been aware of the nature of its appropriations and the way in which the appropriations have been used.

I think it clear that Congress intended the 1975 Appropriations Act, and the preceding appropriation acts, to authorize the acquisition of lands in Glacier National Park.

An appropriate order will be entered.